UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

LOUISE SEALY, individually and on
behalf of other similarly situated individuals,

      Plaintiff,

v.

THE KEISER SCHOOL, INC., a Florida
corporation, d/b/a/ Keiser University,

      Defendant.
_____/

## COMPLAINT

Plaintiff, LOUISE SEALY, individually and on behalf of other similarly situated individuals, hereby sues THE KEISER SCHOOL, INC., a Florida corporation, d/b/a/ Keiser University ("KEISER UNIVERSITY") and alleges the following causes of action:

1.    Plaintiff brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.[1] on behalf of herself and on behalf of other, similarly situated current and former employees of the Defendant, KEISER UNIVERSITY, and its divisions, however constituted.

### Jurisdiction and Venue

2.    Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 1337(a) and by 29 U.S.C. §216(b).

---

[1]    Plaintiff may amend her Complaint at a later time to add claims arising out of violations of the ADA, once all administrative prerequisites for that claim are exhausted.

3.      At all material times, KEISER UNIVERSITY was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

4.      The annual gross sales volume of KEISER UNIVERSITY exceeded $500,000.00 at all relevant times.

5.      At all material times, and while working for KEISER UNIVERSITY, Plaintiff was an individual engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j) respectively, of the FLSA, 29 U.S.C. §203(b) and (j).

6.      The Court has personal jurisdiction over the Defendant, and in regard to each Plaintiff joining this lawsuit.

7.      Venue is proper in this District because all the operative facts related to this claim occurred within this District: the Defendant, KEISER UNIVERSITY, conducts its business in this District, the Plaintiff was employed by the Defendant in this District, and the alleged wrongful act took place within this District.

## Parties

8.      Plaintiff, LOUISE SEALY, was an employee of the Defendant, KEISER UNIVERSITY, as further alleged herein. Ms. Sealy was hired on or about March, 2001 and served as an admissions counselor or admissions advisor until the cessation of her employment in March of 2011.

9.      Defendant, KEISER UNIVERSITY, is a Florida corporation, and is among the nation's leading providers of secondary and post-secondary education, offering courses, and various certificate and degree programs on campus and online. It serves customers throughout

the United States under various trade names, including without limitation "Keiser University," and "Keiser College," and throughout various divisions, however constituted.

10.     Plaintiff worked as a non-exempt admissions advisor or admissions counselor, performing some or all duties of contacting prospective students on behalf of Keiser University, communicating with those prospective students, relating to opportunities offered by Keiser University, and following up with the goal of enabling prospective students to enroll in Keiser University's courses or programs, all for the furtherance of the business of Keiser University. In essence, despite the official title of Plaintiff's position, her job was primarily a sales job of Keiser University's courses and programs.

11.     Defendant, KEISER UNIVERSITY, in conjunction with its respective divisions for the location(s) at issue, however such divisions are constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt workers as all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

## Collective Action Allegations

12.     This collective action includes all current and former employees of KEISER UNIVERSITY similarly situated to Plaintiff, including all persons performing primarily non-exempt duties of admissions advisor or admissions counselor, however variously titled, at or based out of any location or facility of every division of KEISER UNIVERSITY, however constituted nationwide, who worked in excess of forty (40) hours ("overtime hours") per workweek in one or more workweek in the material time, and who did not receive their overtime rate of pay for all of their overtime hours within such workweeks ("the asserted class").

13.     The material time for claims under the FLSA in this case, due to Defendant's willful violation of the FLSA, is the **three-year period** prior to the date of Plaintiff's or each similarly situated individual's opting-in to this action, as tolled or extended by agreement, by equity, or by law.

14.     In the course of employment with KEISER UNIVERSITY, the activities of Plaintiff and all other similarly situated individuals in the asserted class were directed primarily toward some or all of the non-exempt duties of admissions advisor or admissions counselor and related work, including, but not limited to the duties of contacting prospective students on behalf of KEISER UNIVERSITY, communicating with those prospective students relating to opportunities offered by KEISER UNIVERSITY, and following up with the goal of enabling prospective students to enroll in KEISER UNIVERSITY's courses and programs.

15.     At all material times, Plaintiff and all the similarly situated current and former employees were performing their duties for the benefit of and on behalf of Defendant, KEISER UNIVERSITY, and its divisions, however constituted.

16.     Plaintiff and other similarly situated members of the asserted class regularly worked overtime hours, but were being subjected to a practice or policy of the Defendant of failing to credit and compensate properly all overtime hours worked by them.

17.     During the material time, Defendant, KEISER UNIVERSITY, and its divisions, however constituted, failed to comply with the FLSA in that Plaintiff and those similarly situated to Plaintiff, performed services for KEISER UNIVERSITY for which KEISER UNIVERSITY did not pay in accordance with the FLSA.

18.     Plaintiff and those similarly situated were entitled to an overtime pay equal to time and one half wages for all hours worked in excess of forty (40) hours in each workweek ("the overtime rate of pay").

19.     In the course of employment with KEISER UNIVERSITY, the Plaintiff and the other current and former employees similarly situated in the asserted class were not paid their overtime pay for all overtime hours worked.

20.      There are numerous current and former employees within the asserted class for this collective action who, at all material times, were similarly situated to Plaintiff. With such number of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

21.     The records, if any, concerning members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees, should be in the custody and control of the Defendant, KEISER UNIVERSITY.

**<u>Damages, Liquidated Damages, and other Relief</u>**

22.      Plaintiff has retained counsel to provide legal representation, and Plaintiff has incurred, and will continue to incur, attorney's fees and costs accordingly, which are a proper part of the relief sough in this action.

23.     Plaintiff and those similarly situated seek to recover relief from Defendant that includes, but is not limited to, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the FLSA.

## Count I – Recovery of Overtime Compensation

Plaintiff adopts and realleges the allegations contained in Paragraphs 1-23 as if fully stated herein.

24.     Plaintiff was entitled to be paid Plaintiff's overtime rate of pay for each hour worked in excess of forty (40) hours per week.

25.     During her employment with the Defendant, Plaintiff was regularly required to work in excess of forty (40) hours per work week until mid-July, 2010, when she suffered from injury at the work place. Subsequently, and until the cessation of her employment in March of 2011, she no longer worked over time hours.

26.     All similarly situated are likewise entitled to their respective overtime rates of pay for each overtime hour worked in excess of forty (40) hours per week that was not properly paid.

27.     KEISER UNIVERSITY failed to record and credit all of Plaintiff's overtime hours and either failed to pay Plaintiff and all other similarly-situated employees their appropriate overtime rate of pay for all hours worked in excess of forty (40) per work week or altogether failed to pay for the overtime hours worked in each week during the material time.

28.     KEISER UNIVERSITY's failure to pay Plaintiff and all other similarly situated employees was intentional, willful, and unlawful.

29.     By reason of said intentional, willful, and unlawful acts of KEISER UNIVERSITY, all plaintiffs (Plaintiff and those similarly situated to Plaintiff) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorney's fees in bringing this action.

30.    As a result of KEISER UNIVERSITY's willful violation of the FLSA, all plaintiffs (Plaintiff and those similarly situated in the asserted class) are entitled to their liquidated damages.

WHEREFORE, Plaintiff and those similarly situated to Plaintiff in the asserted class, who have or will opt into this action, demand judgment against Defendant, THE KEISER SCHOOL, INC., for all damages, including but not limited to payment of all overtime hours at the respective overtime rates of pay due Plaintiff and those similarly situated for the hours worked by them in excess of forty hours per week for which they have not been properly compensated, liquidated damages, reasonable attorney's fees, costs, and all other relief as this Court deems just and proper.

## **Demand for Jury Trial**

Jury trial is hereby demanded on all issues so triable.

Dated, this 24th day of June, 2011.

Respectfully submitted,

LUBELL & ROSEN, LLC
*Attorneys for Plaintiff*
200 S. Andrews Ave.
Suite 901
Ft. Lauderdale, Florida 33301
Phone: (954) 755-3425
Fax: (954) 755-2993
e-mail:    adi@lubellrosen.com
           maa@lubellrosen.com


By */s/ Adi Amit*_____
    Adi Amit, Esquire
    Florida Bar No.: 35257
    Marshall A. Adams, Esquire
    Florida Bar No.: 712426