UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-cv-61426-WPD

LOUISE SEALY, individually and on behalf of other similarly situated individuals,

    Plaintiff,

v.

THE KEISER SCHOOL, INC., a Florida corporation, d/b/a/ Keiser University,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO AUTHORIZE NOTICE TO POTENTIAL COLLECTIVE ACTION CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, LOUISE SEALY, individually and on behalf of other similarly situated individuals, hereby files this Motion to Authorize Notice to Potential Collective Action Class Members and Incorporated Memorandum of Law, and in support states as follows:

### Summary of Motion

The Amended Complaint in this matter alleges that the Defendant has implemented a system that assists it with paying its admissions counselors, such as Plaintiff, less than required by the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et sec. ("FLSA"). The allegations of the Amended Complaint, as well as the affidavits attached in support of this Motion establish that there are other individuals similarly situated to Plaintiff in their work capacity, the manner in which they were paid, as well as the complained-of behavior by the Defendant (as a result of the systemic nature of its violation of the FLSA), and that there are other individuals who have either already opted into this lawsuit or are interested in opting into this lawsuit. As a result, the only practical and efficient method of notifying these individuals of the pendency of this action and of their opt-in rights under the FLSA would be through the approval of a conditional collective

action against the Defendant as provided for under the FLSA and notifying all members of the putative collective action class of their right to bring their claim in this lawsuit in order to avoid multiplicity of effort and results.

## **Relevant Factual Background**

On June 24, 2011, Plaintiff, a former admissions counselor of the Defendant filed her Complaint in this matter, alleging that the Defendant violated the FLSA by failing to pay her overtime at the rate of time and one half her regular pay. On July 22, 2011, this Court entered an Order allowing the Defendant additional time to respond to Plaintiff's Complaint. [DE #8]. On August 11, 2011, this Court entered another Order granting Defendant's Unopposed Motion for Enlargement of Time to Respond to the Complaint – through and including August 24, 2011. [DE #13]. In the interim, on July 29, 2011, August 12, 2011, August 17, 2011, August 23, 2011, and August 30, 2011, five additional former admissions counselors of the Defendant opted into this lawsuit, as permitted under the FLSA. [DE ## 9, 14, 16, 19, and 24].

On August 19, 2011, Plaintiff filed her Amended Complaint, which included extensive details concerning the alleged wrongdoing by the Defendant, the means utilized by the Defendant in perpetrating the alleged wrongdoing, and details that establish that the members of the requested class are similarly-situated.

Plaintiff's Complaint and Amended Complaint follow the trail blazed in other actions filed against this Defendant by former admissions counselors in this District, as well as in the Middle District. (See, Southern District Case No. 09-80364-CIV-COHN/SELTZER and Middle District Case No. 09-cv-02641-VMC-TGW). This track record shows that the complained-of behavior of the Defendant is rampant and systemic and is not contained in only one of its campuses, but, instead is company-wide. The volume of these Complaints is easily explained as

the Defendant utilizes one payment policy and one payroll provider for all its employees, irrespective of their location and it is that policy and its implementation that are alleged to be improper.

## Standard for Granting Motions to Authorize Notice to Potential Class Members under the FLSA

The FLSA permits a plaintiff to bring a collective action on behalf of similarly-situated persons subject to the requirement that prospective plaintiffs file a written consent in the court where the action is brought. See, 29 U.S.C. § 216(b); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). In the interest of judicial economy, district courts have discretionary power to authorize the sending of notice to potential class members. See, *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). But notice should only be authorized in appropriate cases. See, *Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983).

In order to grant conditional collective action certification, the Court must, at a minimum, satisfy itself that there are other employees who (1) are similarly situated with regard to their job requirements and pay provisions, and who (2) desire to opt into the case. See, *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Regarding the first requirement, the plaintiff bears the burden of proving that he and the class he seeks to represent are similarly situated. See, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). To evaluate whether a plaintiff has demonstrated the existence of a similarly-situated class, courts in the Eleventh Circuit utilize a two-tiered procedure that recognizes distinct burdens at different stages of the litigation process. See, *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218 and collecting cases). The first tier is referred to as the notice stage. See, *Id.* at 1243 n.2 (quoting *Hipp*, 252 F.3d at 1218).

> "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery." *Id.*

The second tier of analysis, re-examining the question of certification after discovery is complete, follows a motion for "decertification" by the defendant. *Id.*

> At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives - i.e. the original plaintiffs - proceed to trial on their individual claims. *Id*.

Regarding the second requirement, a plaintiff must show there are employees who would opt in if given notice. See, *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) ("[A] showing that others desire to opt-in must be made before notice is authorized.") (citations omitted). Based on this showing, a "district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' . . . ." See, *Dybach*, 942 F.2d at 1567. The burden is on the plaintiff to produce evidence demonstrating aggrieved individuals exist within the class he proposes. See, *Haynes*, 696 F.2d at 888 (holding the court properly declined to authorize notice to a prospective class where the only evidence presented was counsel's assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores). If the plaintiff does not satisfy his burden, the Court should decline the certification of a collective action to "avoid the 'stirring up' of litigation through

4

unwarranted solicitation." See, *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) (quoting *Brooks v. BellSouth Telecomm., Inc.*, 164 F.R.D. 561, 567 (N.D. Ala. 1995)).

Here, the Plaintiff has been able to establish in a sufficient manner for purposes of the first tier of analysis, through the allegations contained in her Amended Complaint, as well as through the affidavits submitted in support of this Motion that: a) all members of the requested class are similarly situated in their job requirements, pay (albeit at different rates) and the complained-of violations by the Defendant, and b) that there are other members of the requested class who are interested in opting into this lawsuit.

### Similarly-Situated Employees

When asked to consider whether there are similarly-situated persons who desire to opt into a collective action brought under the FLSA, courts in the Eleventh Circuit have typically been presented affidavits of other employees, *see, e.g.*, *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362 (M.D. Ala. 1999) (plaintiffs presented affidavits from 15 other employees), and consents to join the suit, *see, e.g.*, *White*, 204 F. Supp. 2d at 1315. "[A]lthough . . . a plaintiff may establish that others are 'similarly situated' without pointing to a particular plan or policy, a plaintiff must make some rudimentary showing of commonality between the basis of his claims and that of . . . the proposed class . . . ." See, *Horne v. United Servs. Auto. Ass'n.*, 279 F. Supp. 2d 1231, 1234 (M.D. Ala. 2003) (citing *White*, 204 F. Supp. 2d at 1314).

Here, the Amended Complaint and the affidavits in support of this Motion establish in considerable detail that the job description of the members of the requested class is closely similar, if not an exact mirror of each other. Further, both the Amended Complaint and the affidavits submitted in support of this Motion establish that Defendant's usage of the "fluctuating work week" method of compensation was defective in a similar manner as to all individuals who

have already opted into this lawsuit and did not comport with the strict requirements for that method under the applicable regulations. Further, both the Amended Complaint and the affidavits submitted in support of this Motion show that the complained-of behavior of the Defendant (of attempting to pay the Plaintiff, opt-in Plaintiffs and other members of the requested class at the rate of half their regular pay through the usage of the fluctuating work week method, when such method of calculation was not available) was systemic throughout the entire liability period and affected all members of the requested class in a similar manner.

Finally, in the Amended Complaint and enclosed affidavits, it is established that Defendant's practice necessarily affected all of Defendant's campuses because the Defendant's payroll practices and compensation policy were evenly implemented by its human resources and payroll handler – Oasis Outsourcing – with respect to all employees, including the members of the requested class.

This pattern of paying less than required for overtime using the vehicle of "fluctuating work week" method of payment is also exhibited in the fact that similar lawsuits have been filed against Keiser by other admissions counselors in the Southern District (See, 09-80364-CIV-COHN/SELTZER) and in the Middle District (See, Case No. 09-cv-02641-VMC-TGW – in which five individuals opted in). In both cases and as to all individuals who have opted into these cases, the Defendant asserted that it properly implemented the fluctuating work week method of payment – which is the crux of the dispute in this case. Therefore, it is apparent that this issue is encompassing all of the Defendant's operations, at least as to its admissions counselors.

**Additional Members of the Requested Collective Action Class are Interested in Opting-In**

"Courts within this circuit have determined that evidence of 'a common payroll policy or scheme' is sufficient to 'establish[] there [are] other employees desiring to opt-in . . . .'" See,

*Santiago v. Mid-South Painting, Inc.*, 2011 U.S. Dist. LEXIS 85252 (S.D. Fla. 2011) (citing *Mooney v. Advanced Disposal Servs.*, No. 3:07-cv-1018-WKW, 2008 U.S. Dist. LEXIS 62400, at *2 (M.D. Ala. Aug. 14, 2008) (citing *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 948 (M.D. Fla. 1994)) (finding that because other personnel were likely paid in the same manner as Plaintiffs, it was "probable" that other personnel would desire to opt-in); *cf. Anderson v. Cagle's Inc.*, 488 F.3d 945, 952 (11th Cir. 2007) (finding the district court had properly conditionally certified a collective action where the plaintiffs provided "detailed allegations," which established essentially 'the same job requirements and almost identical treatment' among the group of employees defined in the collective-action notice the district court ultimately approved. Importantly, the allegations were supported to some extent by the employers' admissions, and other documentary evidence.'")).

Here, the Complaint alleges, and the Court docket shows that other individuals have already chosen to opt into this lawsuit. Similarly, the affidavits submitted in support of this Motion state that additional individuals are interested in joining this lawsuit – most are former employees, but in some instances and despite the fear of retaliation, even current employees have indicated the desire to join this lawsuits. Of course, once the fear of retaliation is alleviated through the information contained in the proposed notice, and the current employees are made aware of their rights, it is expected that other current employees will choose to participate.

Additionally, as the Plaintiff has established through the Amended Complaint and as the affidavits show, the Complained-of behavior of the Defendant is systemic and affects all members of the requested class that receive compensation from the Defendant through the Oasis service. Therefore, as indicated by Court in *Tucker,* 872 F. Supp. at 948, that showing by itself is sufficient to show that it was "probable" that other personnel would desire to opt-in.

## Conclusion

WHEREFORE, Plaintiff and those similarly situated to Plaintiff in the asserted class request the following relief:

a) that the Court issue an Order Granting this Motion;

b) that the Court order the Defendant to provide Plaintiff, within fifteen (15) days, with a list of all individuals employed by it as admissions counselors (however that job is titled) in all of its campuses during the three years prior to the commencement of this lawsuit, including the full name, dates of employment, last known address, telephone number, and email address of each individual; and

c) that the Court approve the proposed Notice to Potential Collective Action Members, attached hereto as Exhibit "G", or instruct the parties with respect to required corrections to the Notice.

Respectfully submitted, this 30th day of August, 2011

>LUBELL & ROSEN, LLC
>*Attorneys for Plaintiffs*
>200 S. Andrews Ave, Suite 900
>Ft. Lauderdale, Florida 33301
>Phone: (954) 755-3425
>Fax: (954) 755-2993
>e-mail:   adi@lubellrosen.com
>          maa@lubellrosen.com
>
>By */s/ Adi Amit*
>   Adi Amit, Esquire
>   Florida Bar No.: 35257
>   Marshall A. Adams, Esquire
>   Florida Bar No.: 712426

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 30, 2011, I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            By */s/ Adi Amit*
              Adi Amit, Esquire
              Florida Bar No.: 35257