UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-cv-61426-WPD

LOUISE SEALY, individually and on
behalf of other similarly situated individuals,

    Plaintiff,

v.

THE KEISER SCHOOL, INC., a Florida
corporation, d/b/a/ Keiser University,

    Defendant.
_____/

### AFFIDAVIT OF SINDA JOYCE HENRY

STATE OF FLORIDA    )
    ) ss:
COUNTY OF BROWARD  )

    BEFORE ME, the undersigned authority, personally appeared SINDA JOYCE HENRY, Affiant, who is personally known to me and who, after being first duly sworn upon oath, deposes and states as follows:

    1.    My name is Sinda Henry and I make this affidavit based on my personal knowledge of the facts stated herein.

    2.    I was employed by Keiser University from June, 2008 until the end of July 2011.

    3.    My Consent to Become Party Plaintiff erroneously indicates that my start date was in June 2009; however, upon review of the paystubs in my possession, I realized that I made a clerical error and my actual start date was June 2008, instead of June 2009.

    4.    During the last three years of my employment with Keiser University I held the position of "Admissions Counselor".

1

5. In that position, my job duties consisted of calling prospective students using information provided by my employer, addressing incoming calls of prospective students that were routed from the main lines, answering prospective students' questions regarding courses and classes, qualifying prospective students to register for classes, schedule follow-up appointments, follow up on communications with prospective students, and register prospective students for classes.

6. To my knowledge, the job description of all admissions counselors was equal to mine.

7. During my employment with Keiser University, my job performance was evaluated primarily on reaching certain quotas of telephone calls, resulting appointments, and, ultimately, the number of prospective students I was able to sign up. If those quotas were not reached, I risked discipline, including termination.

8. To my knowledge, all admissions counselors had similar requirements and were evaluated in a similar manner.

9. During my employment with Keiser University, I was repeatedly required to work more than forty (40) hours per week, despite the fact that the employment manuals I received always stated that the normal work schedule for all employees like myself is eight (8) hours a day, forty (40) hours per week.

10. To my knowledge, all admissions counselors were required to work in excess of forty (40) hours per work week in order to reach their minimum quotas and avoid discipline.

11. As indicated in the example paycheck attached to this Affidavit as Exhibit "A", During the last three years of my employment with Keiser University, I was not compensated at the

2

rate of time and one half for my overtime work, but rather at the purported rate of one half my regular rate.

12. During my employment with Keiser University, my paychecks were generated by Oasis Outsourcing and were all identical in form and in substance to the example attached as Exhibit "A".

13. To my knowledge, Oasis Outsourcing generated all other admissions counselors' paychecks and all other admissions counselors' paychecks were identical in form and in substance to the example attached as Exhibit "A".

14. During my employment, Keiser University required me to clock in and clock out every day, including through the use of a hand scanner, in order to maintain accurate time records.

15. During my employment with Keiser University, all paychecks I received failed to disclose the actual regular hours worked, the actual regular rate of pay and the actual over time hours worked, despite the fact that those were recorded by Keiser University. Similarly, the paychecks failed to disclose the actual regular and over time rates. Instead, all four items had the value of "00".

16. As a result of these omissions, I have never been able to calculate my regular rate of pay and my overtime rate of pay, and to confirm that all my over time hours have been compensated.

17. To my knowledge, the paychecks of all other admissions counselors during the last three years failed to disclose the actual regular hours worked, the actual regular rate of pay, the actual over time hours worked, and the actual over time rate. Instead, all these items had the value of "00".

18. During my employment with Keiser University, my paychecks often indicated a deduction in my regular pay, presumably for working less than forty hours during the subject pay period.

19. To my knowledge, all other admissions counselors' regular pay was deducted, presumably for working less than forty hours during the subject pay period.

20. At no time during my employment with Keiser University, did anyone, including any of my supervisors, ever mention or explain to me that my regular pay (other than over time) was fixed regardless of the hours worked. Specifically, no one ever explained that my base salary would be equal, even if I worked less than forty (40) hours in a given week. In fact, it was always my understanding that I was compensated only for time actually worked. During my interview with LaFrawn Mays, I was told that the amount of hours I was expected to work every week was fixed and that the variation would only be in shifts. I was never told that I was expected to work varying hours week to week.

21. Similarly, I do not recall that any written material such as employee handbooks, flyers, notes, and memoranda that I received during my employment with Keiser University ever mentioned the term "Fluctuating Work Week" or that my job included the requirement to work varying hours for a fixed regular pay. In fact, as I stated above, the employment manual clearly stated that the expectation was for a constant fixed schedule of forty hours per week, other than overtime.

22. Further, I never signed or otherwise acknowledged an agreement in any form that would limit my over time compensation to the rate of one half my regular rate.

23. Currently, I am aware of one current admission counselor at the Fort Lauderdale campus that is interested in participating in this lawsuit, as well as four former admissions

4

counselors at the Fort Lauderdale and one current admissions counselor in Miami that are interested in participating in this lawsuit.

24. Under penalties of perjury, I declare that I have read the foregoing affidavit and the facts stated in it are true.

FURTHER AFFIANT SAYETH NAUGHT.

_____
SINDA JOYCE HENRY

SWORN TO AND SUBSCRIBED before me this 26th day of August, 2011 by SINDA JOYCE HENRY, who is ( ) personally known to me (✓) or has produced the following as identification: H560-786-60-969-0 FL Drivers License

_____
Notary Public, State of Florida
Printed Name: Janelys S. Holland

My Commission Expires: 11-1-2013

(SEAL)



JANELYS S. HOLLAND
Notary Public - State of Florida
My Comm. Expires Nov 1, 2013
Commission # DD 937229

5



KEISER UNIVERSITY(  1868  )                           OASIS WPB GOLD TEAM 888/627-4735

| Employee ID | Employee Name | Check Date | Period Start Date | Period End Date | Check No |
|---|---|---|---|---|---|
| G90820 | SINDA J HENRY | 10-16-2009 | 09-28-2009 | 10-11-2009 | 6424190 |

Fed Tax Status: M      Fed Tax Allow: 0

### CURRENT EARNINGS DETAIL

| Change Date | Description | Rate | Hours/Units | Amount | LOC | DEPT |
|---|---|---|---|---|---|---|
| 10-04-2009 | REG PAY | 0.0000 | 0.00 | 1619.24 | 110 | 1042 |
| 10-11-2009 | HALF TIME | 0.0000 | 0.00 | -78.97 | 110 | 1042 |

### DEDUCTIONS / TAXES

| Description | Amount | Y-T-D |
|---|---|---|
| FEDERAL INCOME | 132.14 | 3,090.03 |
| MEDICARE - EE | 23.17 | 502.25 |
| SOCIAL SECURITY | 99.09 | 2,147.56 |

Totals:   1598.21

### DIRECT DEPOSIT

| Type | Account | Amount |
|---|---|---|
| C | 86011 | 1,343.81 |

Net Pay: 1,343.81

Net Pay Y-T-D: 28,898.15

Total: 1,343.81            Total: 254.40    5,739.84

### Y-T-D EARNINGS

| Description | Amount |
|---|---|
| FLOATING HOL | 151.92 |
| HALF TIME | 1,613.59 |
| HOLIDAY PAY | 911.52 |
| PERSONAL | 759.61 |
| REG PAY | 31,201.35 |

### PAID TIME OFF

| Description | Balance |
|---|---|

### EMPLOYER CONTRIBUTIONS

| Description | Amount | Y-T-D |
|---|---|---|

Total: 34,637.99

### IMPORTANT NOTES

Register to Receive Your W-2 Electronically
http://www.oasisadvantage.com/pages/W2/164/

