UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-cv-61426-WPD

LOUISE SEALY, individually and on behalf of other similarly situated individuals,

    Plaintiff,

v.

THE KEISER SCHOOL, INC., a Florida corporation, d/b/a/ Keiser University,

    Defendant.
_____/

## AFFIDAVIT OF URSULA LYNETTE SHAW

STATE OF FLORIDA    )
                         ) ss:
COUNTY OF BROWARD  )

    BEFORE ME, the undersigned authority, personally appeared URSULA LYNETTE SHAW, Affiant, who is personally known to me and who, after being first duly sworn upon oath, deposes and states as follows:

    1.    My name is Ursula Shaw and I make this affidavit based on my personal knowledge of the facts stated herein.

    2.    I was employed by Keiser University from Mach, 2010 until the January 2011.

    3.    During my employment with Keiser University I held the position of "Admissions Counselor".

    4.    In that position, my job duties consisted of calling prospective students using information provided by my employer, addressing incoming calls of prospective students that were routed from the main lines, answering prospective students' questions regarding courses and classes, qualifying prospective students to register for classes, schedule follow-up appointments,

follow up on communications with prospective students, and register prospective students for classes.

5. To my knowledge, the job description of all admissions counselors was equal to mine.

6. During my employment with Keiser University, my job performance was evaluated primarily on reaching certain quotas of telephone calls, resulting appointments, and, ultimately, the number of prospective students I was able to sign up. If those quotas were not reached, I risked discipline, including termination.

7. To my knowledge, all admissions counselors had similar requirements and were evaluated in a similar manner.

8. During my employment with Keiser University, I was repeatedly required to work more than forty (40) hours per week, despite the fact that the employment manuals I received stated that the normal work schedule for all employees like myself is eight (8) hours a day, forty (40) hours per week.

9. Further, at the beginning of my employment, my schedule was explained to me by my immediate supervisor, Lisa Walsh. Ms. Walsh explained to me that I was required to work a forty (40) hours week. She did not explain to me that I was required to work varying hours for my salary or that my regular salary would remain the same even if I worked less than forty (40) hours per week. During my employment, if my performance was not where it needed to be, Ms. Walsh required me to come in on my day off and work extra hours to make more phone calls to prospective students.

10. During my employment with Keiser, working less than forty (40) hours per week was never an option.

11. To my knowledge, all admissions counselors were required to work a fixed forty (40) hours week but would be required to work over time in order to meet their minimum quotas and avoid discipline.

12. As indicated in the example paycheck attached to this Affidavit as Exhibit "A", During my employment with Keiser University, I was not compensated at the rate of time and one half for my overtime work, but rather at the purported rate of one half my regular rate.

13. During my employment with Keiser University, my paychecks were generated by Oasis Outsourcing and were all identical in form and in substance to the example attached as Exhibit "A".

14. To my knowledge, Oasis Outsourcing generated all other admissions counselors' paychecks and all other admissions counselors' paychecks were identical in form and in substance to the example attached as Exhibit "A".

15. During my employment, Keiser University required me to clock in and clock out every day, including through the use of a hand scanner, in order to maintain accurate time records. In addition, I was often instructed to clock out and then clock back in for a "lunch break" even when I was required to work through my lunch break and no break was given.

16. During my employment with Keiser University, all paychecks I received failed to disclose the actual regular hours worked, the actual regular rate of pay and the actual over time hours worked, despite the fact that those were recorded by Keiser University. Similarly, the paychecks failed to disclose the actual regular and over time rates. Instead, all four items had the value of "00".

17. As a result of these omissions, I have never been able to calculate my regular rate of pay and my overtime rate of pay, and to confirm that all my over time hours have been compensated.

18. To my knowledge, the paychecks of all other admissions counselors during the last three years failed to disclose the actual regular hours worked, the actual regular rate of pay, the actual over time hours worked, and the actual over time rate. Instead, all these items had the value of "00".

19. At no time during my employment with Keiser University, did anyone, including any of my supervisors, ever explain to me that my regular pay (other than over time) was fixed regardless of the hours worked. In fact, it was always my understanding that I was compensated only for time worked and that my workweek was never allowed to be less than forty (40) hours.

20. Similarly, no written material such as employee handbooks, flyers, notes, and memoranda that I received during my employment with Keiser University ever explain the term "Fluctuating Work Week" or that my hourly rates varied from week to week. In fact, as I stated above, the employment manual I received and my immediate supervisor both stated that the expectation was for a constant normal schedule of forty hours per week.

21. Currently, I am aware of four (4) former admissions counselors – three from the Fort Lauderdale campus and one from the Pembroke Pines campus, who are interested in joining this lawsuit, in addition to the individuals who have already opted into this lawsuit. Further, I know of one (1) current admissions counselor at Keiser's Pembroke Pines campus, who is interested in joining this lawsuit, but is afraid of retaliation.

[THIS SPACE IS INTENTIONALLY LEFT BLANK]

22.  Under penalties of perjury, I declare that I have read the foregoing affidavit and the facts stated in it are true.

FURTHER AFFIANT SAYETH NAUGHT.

_____
URSULA LYNETTE SHAW

SWORN TO AND SUBSCRIBED before me this 19 day of August, 2011 by URSULA LYNETTE SHAW, who is ( X ) personally known to me (  ) or has produced the following as identification: _____.

_____
Notary Public, State of Florida
Printed Name: Paul Allen Dow

My Commission Expires: _____

(SEAL)

NOTARY PUBLIC-STATE OF FLORIDA
Paul Allen Dow
Commission # EE011264
Expires: JULY 26, 2014
BONDED THRU ATLANTIC BONDING CO., INC.

5



KEISER UNIVERSITY( 1868 )   OASIS WPB GOLD TEAM 888/627-4735

| Employee ID | Employee Name | Check Date | Period Start Date | Period End Date | Check No |
|---|---|---|---|---|---|
| S28256 | URSULA SHAW | 05-28-2010 | 05-10-2010 | 05-23-2010 | 7365724 |

Fed Tax Status: S  Fed Tax Allow: 2

| | | CURRENT EARNINGS DETAIL | | | | | DEDUCTIONS / TAXES | | |
|---|---|---|---|---|---|---|---|---|---|
| Charge Date | Description | Rate | Hours/Units | Amount | LOC | DEPT | Description | Amount | Y-T-D |
| 05-16-2010 | HALF TIME | 0.0000 | 0.00 | 68.10 | 110 | 1042 | FEDERAL INCOME | 155.55 | 872.29 |
| 05-16-2010 | REG PAY | 0.0000 | 0.00 | 1538.46 | 110 | 1042 | MEDICARE - EE | 23.29 | 133.87 |
| | | | | | | | SOCIAL SECURITY | 99.61 | 572.42 |

Totals: 1606.56

| Type | DIRECT DEPOSIT Account | Amount |
|---|---|---|
| C | 87525 | 1,328.11 |

Net Pay: 1,328.11

Net Pay Y-T-D: 7,654.00

Total: 1,328.11   Total: 278.45  1,578.58

| Y-T-D EARNINGS | | PAID TIME OFF | | EMPLOYER CONTRIBUTIONS | | |
|---|---|---|---|---|---|---|
| Description | Amount | Description | Balance | Description | Amount | Y-T-D |
| BERVHENT | 307.70 | | | | | |
| HALF TIME | 155.64 | | | | | |
| REG PAY | 8,769.24 | | | | | |

Total: 9,232.58   Total:

IMPORTANT NOTES