UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-cv-61426-WPD

LOUISE SEALY, individually and on behalf of other similarly situated individuals,

    Plaintiff,

v.

THE KEISER SCHOOL, INC., a Florida corporation, d/b/a/ Keiser University,

    Defendant.

_____/

**NOTIFICATION TO POTENTIAL COLLECTIVE ACTION MEMBERS**
*This is a Court-Authorized Notice and is not a Solicitation from a Lawyer.*

**TO:** ALL CURRENT AND FORMER ADMISSIONS COUNSELORS OR ADMISSIONS ADVISORS EMPLOYED BY THE KEISER SCHOOL, INC. D/B/A KEISER UNIVERSITY, WHO WORKED MORE THAN 40 HOURS IN ANY WORKWEEK FROM JUNE 24, 2008 TO THE PRESENT AND WERE NOT PAID OVER-TIME OR WERE NOT PAID OVER-TIME AT THE RATE OF TIME AND ONE HALF PURSUANT TO THE FAIR LABOR STANDARDS ACT.

**RE:** FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST THE KEISER SCHOOL, INC. D/B/A KEISER UNIVERSITY, BY LOUISE SEALY, CASE NO. 11-CV-61426-WPD (FORT LAUDERDALE DIVISION)

**1. INTRODUCTION**

This Notice is to inform you of a collective action lawsuit in which you may be "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit, if you choose to do so.

**2. DESCRIPTION OF THE LAWSUIT**

Louise Sealy ("Sealy") filed this lawsuit against Defendant, The Keiser School, Inc. d/b/a Keiser University ("Keiser University") in the United States District Court for the Southern District of Florida (Fort Lauderdale Division), Case No. 11-CV-61426-WPD. Sealy seeks to pursue this lawsuit on behalf of himself and all other past and present Admissions Counselors or Admissions Advisors of Keiser University who worked in excess of 40 hours per work week but were not paid overtime properly anytime between June 24, 2008 to the present. There are currently several other employees that are Plaintiffs in this action.

Sealy claims that Keiser University failed to pay her overtime compensation for all hours over forty (40) in a workweek and that the overtime compensation that was paid, was paid at a rate lower than time and one half as required by law. Sealy claims that Keiser University instead paid her at the lower rate of half time, in violation of the FLSA. Sealy alleges that Keiser University's actions violate the Fair Labor Standards Act, *29 U.S.C. § 216(b)* ("FLSA"). Sealy is suing to recover the allegedly unpaid wages for herself and for any other similarly situated employee. Sealy also seeks to recover for herself and for any other similarly situated employee an additional equal amount as liquidated damages, plus attorneys' fees and costs.

Keiser University denies Sealy's claims and also claim that it implemented the fluctuating work week method of payment appropriately, allowing it to pay overtime at the lower rate of half time. This Court has not ruled on Sealy's claims or Keiser University's defenses.

### 3. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

You may join in this lawsuit ("opt-in" as a Plaintiff) if: 1.) you were employed as an "Admissions Counselor" or "Admission Advisor" anytime between June 24, 2008 and the present, and 2.) you worked in excess of forty (40) hours during any workweek and 3.) you were not paid overtime wages for all of your hours in excess of forty (40) in any workweek or paid overtime wages at the rate of half time. You are not required to join this lawsuit. If, however, you wish to join as a Plaintiff, you must sign the enclosed "Consent to Become Party Plaintiff" form and mail[1] it to Plaintiffs' counsel at the following address:

**LUBELL & ROSEN, LLC**
Marshall A. Adams, Esquire
Adi Amit, Esquire
200 S. Andrews Ave.
Suite 900
Fort Lauderdale, FL 33301
Tel:   (954) 755-3425
Fax:   (954) 755-2993
Emails:   maa@lubellrosen.com
             adi@lubellrosen.com

You either must return the signed form to Plaintiff's counsel in time for counsel to file your consent to join this action with the Federal Court in Fort Lauderdale, Florida on or before _____, 2011. If you fail to file a "Consent to Become Party Plaintiff" with the Federal Court on or before the above deadline, you may not be able to participate in this lawsuit. If you file a "Consent to Become Party Plaintiff" form, the Court may decide whether you are a proper party.

### 5. EFFECT OF JOINING THIS SUIT

If you choose to join in the suit, you will be bound by the Judgment, whether it is favorable or unfavorable. You give up the right to file suit in a separate action for the claims

---

[1] Faxes and emails are acceptable as long as the original is also mailed.

made in this case. By joining in this suit, you may be required to respond to written questions, sit for depositions, and testify in court.

The attorneys for the Plaintiff seek payment of attorneys' fees on a contingency fee basis out of any recovery. If there is no recovery, there will be no attorneys' fee. If there is a recovery, the attorneys for the Plaintiffs will receive a part of any settlement obtained or money judgment entered in favor of all of the Plaintiffs. (There may be an award of attorney fees to Plaintiffs' counsel which will reduce the fees that Plaintiff's Counsel may take from the recovery.) If you join this suit and agree to be represented by Plaintiff's counsel, then you agree to the contingency fee agreement (a copy of which is available from Plaintiff's attorney) and you designate the Plaintiff's counsel as your attorney to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation and all other matters pertaining to this lawsuit. You will be bound by the decisions of Plaintiff's Counsel and any representative Plaintiffs, including as to settlement. Settlements are subject to approval of the Court.

### 6. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this suit, your rights will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If money or benefits are later awarded in this case, you will **NOT** share in them. If you choose not to join in this lawsuit, you are free to file your own lawsuit (subject to applicable statutes of limitations) and you may be represented by the attorney of your choice.

### 7. NO RETALIATION PERMITTED

Federal law prohibits Keiser University from discriminating or retaliating against you because you have exercised your rights under the FLSA. Examples of prohibited retaliation include discharge from employment, demotion, or any other adverse action that affects a term or condition of employment. In the event that Keiser University retaliates against you because the exercising of your rights under the FLSA, Keiser University may become liable for those damages in addition to the damages for violating the FLSA.

### 8. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, your interests will be represented by Sealy's attorneys, who are:

**LUBELL & ROSEN, LLC**
200 S. Andrews Ave.
Suite 900
Fort Lauderdale, FL 33301
Tel:   (954) 755-3425
Fax:   (954) 755-2993
**Marshall A. Adams, Esquire**          **(maa@lubellrosen.com)**
**Florida Bar No. 712426**
**Adi Amit, Esquire**          **(adi@lubellrosen.com)**
**Florida Bar No. 35257**

**9. COUNSEL FOR DEFENDANTS.**

The attorneys for Keiser University are:

| | |
|---|---|
| John M. Hament, Esq. | (John@kmhlaborlaw.com) |
| Florida Bar No. 937770 | |
| Samantha Rae Powers, Esq. | (Samantha@kmhlaborlaw.com) |
| Florida Bar No. 17453 | |

KUNKEL, MILLER & HAMENT
Orange Professional Center
235 N. Orange Ave.
Suite 200
Sarasota, FL 34236
Tel:   (941) 365-6006
Fax:   (941) 365-6209

**10. FURTHER INFORMATION.**

Further information about this Notice, the deadline for filing a "Consent to Become Party Plaintiff," or questions concerning this lawsuit may be obtained by writing or telephoning Plaintiff's counsel at the number and address stated above.