## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release of All Claims ("Agreement") is made and entered into between Named Plaintiff Louise Sealy, and all other persons who have timely filed notices of opting-in to the Lawsuit (as that term is defined on Exhibit A hereto) and who have not been compelled to arbitration (collectively "Plaintiff" which term is used as singular or plural; all of whom are listed on Exhibit A hereto), and Defendants The Keiser School, Inc., formerly d/b/a Keiser University, and Everglades College, Inc. d/b/a Keiser University ("Keiser University" or "Defendants").

WHEREAS, Plaintiff was employed by Defendants (the "Employment");

WHEREAS, Plaintiff and Defendants are parties to a Lawsuit (as that term is defined on Exhibit A attached hereto);

WHEREAS, Defendants deny the allegations in the Lawsuit;

WHEREAS, Plaintiff and Defendants respectively recognize the risks and expense of proceeding to trial;

WHEREAS, Plaintiff recognizes that Plaintiff's ability to recover all or part of the relief sought in the Lawsuit is subject to numerous risks;

WHEREAS, Plaintiff and Defendants recognize the Court may decertify the conditionally certified class;

WHEREAS, Plaintiff and Defendants recognize that if the Court decertifies the conditionally certified class that numerous suits may be filed and litigated at great expense to all;

WHEREAS, Plaintiff and Defendants recognize the Court may enter summary judgment in Defendants' favor on some or all of Plaintiff's claims or Defendants' defenses;

WHEREAS, Plaintiff and Defendants recognize that the Court or jury may determine at trial that Plaintiff may not be entitled to recover for all or part of Plaintiff's claims for a variety of factual and/or legal issues as alleged in the pleadings;

WHEREAS, Plaintiff and Defendants recognize the Court or jury may determine that Plaintiff is not entitled to damages or is entitled to an amount of damages less than the amount sought by Plaintiff;

WHEREAS, Plaintiff and Defendants recognize the Court may determine that the acts or omissions giving rise to the Lawsuit were lawful;

WHEREAS, the Court or jury may determine that any alleged violation of the FLSA was not willful within the meaning of the FLSA, and therefore a three-year statute of limitations would not apply;

*LS*

1

WHEREAS, the Court may determine that Defendants acted in good faith and had objectively reasonable grounds for believing its conduct did not violate the FLSA, and therefore liquidated damages would not be appropriate;

WHEREAS, the Court of Appeals may determine adversely to either party upon a subsequent appeal that the Lawsuit could not properly be maintained as a collective action within the meaning of the FLSA;

WHEREAS, Plaintiff and Defendants recognize the exposure for the recovery of the costs and/or attorney fees, as applicable, in the event that a party loses on the merits;

WHEREAS, Plaintiff and Defendants recognize the expense necessary in going forward through dispositive motions and trial;

WHEREAS, Named Plaintiff, Named Plaintiff's spouse, and Defendants, and their respective counsel attended mediation with Mediator John Salmon on June 3, 2013, at the conclusion of which Plaintiff and Defendants agreed to settle the Lawsuit; and

WHEREAS, Plaintiff and Defendants do now wish to and hereby agree to resolve and settle all claims against each other, specifically including all those relating to the Employment and the Lawsuit.

NOW, THEREFORE, in exchange for the promises and consideration set forth below, the sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Mutual Releases</u>

(a) <u>Plaintiff's General Release</u>: Plaintiff, on behalf of Plaintiff and Plaintiff's heirs, estates, executors, administrators, representatives, assigns, and transferees, hereby releases and forever discharges Defendants and Defendants' parents, subsidiaries, affiliates, related entities, predecessors, successors and assigns, as well as all of their respective present and former directors, officers, employees, agents, shareholders, representatives, trustees, fiduciaries, professional employer organizations, attorneys, and insurers, and their respective successors and assigns (collectively, "Plaintiff's Released Parties"), from any and all claims, causes of actions, suits, demands, debts, obligations, damages or liability of any nature whatsoever, in law or in equity, known or unknown, accrued or unaccrued, through the date this Agreement is signed by Plaintiff, including, but not limited to, those relating to: claims for compensation, including, but not limited to, wages, bonuses, commissions, severance, termination pay, and equity interests; claims for reimbursement of any kind; the federal Fair Labor Standards Act, as amended; the federal Civil Rights Act of 1964, as amended; the federal Civil Rights Act of 1991, as amended; the Florida Civil Rights Act of 1992, as amended; the Florida Private WhistleBlower's Act, as amended; claims for wrongful discharge; claims for breach of contract, express or implied; claims arising in tort, including, but not limited to, intentional or negligent infliction of emotional distress; claims for employee benefits; claims of discrimination or harassment of any kind; claims of retaliation of any kind, including workers' compensation; claims that were raised or could have been raised related to the Employment or in the Lawsuit; any and all other claims arising under any other federal, state, local or foreign laws,

2 

as well as any and all other common law legal or equitable claims; and any and all claims for attorney's fees, costs, expenses and the like, including, but not limited to, any claims for attorney's fees related to the Lawsuit and/or any other attorney who has provided services to Plaintiff. Any and all such claims, without limitation, shall be referred to herein as "Plaintiff's Claims." It is Plaintiff's intention to release all Plaintiff's Claims that Plaintiff is entitled by law to release. Notwithstanding anything herein to the contrary, nothing in this Agreement shall affect in any way Plaintiff's rights to unemployment or workers' compensation benefits (other than retaliation).

　　　　(b)　**Defendants' General Release**: Defendants and Defendants' parents, subsidiaries, affiliates, related entities, predecessors, successors and assigns hereby release and forever discharge Plaintiff and Plaintiff's heirs, estates, executors, administrators, representatives, assigns, and transferees (collectively, "Defendants' Released Parties"), from any and all claims, causes of actions, suits, demands, debts, obligations, damages or liability of any nature whatsoever, in law or in equity, known or unknown, accrued or unaccrued, through the date this Agreement is signed by Defendants, including, but not limited to, those relating to: claims for compensation, including, but not limited to, wages, bonuses, commissions, and equity interests; claims for reimbursement of any kind; claims for breach of contract, express or implied; claims arising in tort, including, but not limited to, intentional or negligent infliction of emotional distress; claims that were raised or could have been raised related to the Employment or in the Lawsuit; any and all other claims arising under any other federal, state, local or foreign laws, as well as any and all other common law legal or equitable claims; and any and all claims for attorney's fees, costs, expenses and the like, including, but not limited to, any claims for attorney's fees related to the Lawsuit and/or any other attorney who has provided services to Defendant. Any and all such claims, without limitation, shall be referred to herein as "Defendant's Claims." It is Defendants' intention to release all Defendants' Claims that Defendants are entitled by law to release.

　　　　2.　**Payment**: In exchange for and in consideration of the promises of Plaintiff in this Agreement and specifically the release of all Plaintiff's Claims as described in Paragraph 1 above, Defendants agree to pay to Plaintiff the Settlement Amount according to the terms listed on Exhibit A attached hereto. Plaintiff agrees to provide to Defendants an IRS Form W-4 completed by Plaintiff and an IRS Form W-9 completed by Lubell & Rosen, LLC prior to receiving the Settlement Amount. Plaintiff understands and agrees that the Settlement Amount set forth on Exhibit A attached hereto (which includes all back wages allegedly due Plaintiff, as well as all costs and attorney's fees) are all that Plaintiff is entitled to receive from Defendants as settlement of any and all of the Claims Plaintiff has raised, or could have raised, against Defendants and Plaintiff's Released Parties in the Lawsuit or otherwise, at any time up to and including the date of which this Agreement is dated. The Settlement Amount will be delivered to Plaintiff's counsel, Lubell & Rosen, LLC, within fourteen (14) business days after Defendants' counsel receives an IRS Form W-4 completed by Plaintiff and an IRS Form W-9 completed by Lubell & Rosen, LLC, and the Court enters an order approving this Agreement.

　　　　3.　**Tax Indemnification**: Plaintiff agrees to and shall indemnify, defend, and hold harmless Plaintiff's Released Parties from and against any and all liabilities, costs, and expenses of any type, kind, or nature, including without limitation the employer's share of all federal old

3

age, survivors, and disability insurance taxes and hospital insurance taxes, all federal and state unemployment taxes, and any and all other taxes, penalties, and interest that any federal, state, or local tax authority or agency may impose or attempt to impose on Plaintiff's Released Parties resulting from the Payment described in Paragraph 2 above that are related to those portions of the gross settlement amount as indicated on Exhibit A other than those portions of withholdings and payroll taxes payable by Defendants as the employer. Plaintiff also agrees to and shall indemnify and hold harmless Plaintiff's Released Parties from any and all attorney's fees and other legal expenses, and court costs of any type, kind, or nature, incurred by Plaintiff's Released Parties in defending against any such attempted levy and/or collection of said taxes and/or in enforcing this indemnity.

4.  **Covenants Not to Sue and Indemnification:** Plaintiff represents and warrants that other than the Lawsuit, Plaintiff has not filed any claims, charges, grievances, lawsuits, complaints, or actions against any of Plaintiff's Released Parties in any jurisdiction, and that, to Plaintiff's knowledge, other than the Lawsuit, no such claim, charge, grievance, lawsuit, complaint, or action in which Plaintiff is a party is currently pending in any jurisdiction against any of Plaintiff's Released Parties. Plaintiff further represents that Plaintiff has not assigned to others Plaintiff's Claims which are released in Paragraph 1 above. Plaintiff further represents that Plaintiff has not assigned to others the right to file any claims, charges, grievances, lawsuits, complaints, or actions against any of Plaintiff's Released Parties with any court, tribunal, arbitral body or governmental agency.

Defendants represent and warrant that Defendants have not filed any claims, charges, grievances, lawsuits, complaints, or actions against any of Defendants' Released Parties in any jurisdiction, and that, to Defendants' knowledge, no such claim, charge, grievance, lawsuit, complaint, or action in which Defendants are a party is currently pending in any jurisdiction against any of Defendants' Released Parties. Defendants further represent that Defendants have not assigned to others Defendants' Claims which are released in Paragraph 1 above. Defendants further represent that Defendants have not assigned to others the right to file any claims, charges, grievances, lawsuits, complaints, or actions against any of Defendants' Released Parties with any court, tribunal, arbitral body or governmental agency.

Except as prohibited by law, in consideration for the pay and benefits conferred by this Agreement, Plaintiff and Defendants agree to not sue or file any claims, complaints, or lawsuits against any of the respective Released Parties for any of the released Claims, or join as a party with others who may sue on any such Claims. Plaintiff and Defendants hereby agree to indemnify and hold each and all of the respective Released Parties harmless from and against any and all losses, costs, damages, or expenses, including, without limitation, attorney's fees incurred by such respective Released Parties, or any of them arising out of any breach of this Agreement by Plaintiff or Defendants respectively or the fact that any representation made herein by Plaintiff or Defendants was false when made.

Plaintiff further covenants that Plaintiff will not in any way encourage any past, present, or future employees of Defendants or their related entities to take any legal or administrative action against any of Plaintiff's Released Parties. Plaintiff further covenants that Plaintiff will not voluntarily participate in any future legal or administrative action against Defendants or Plaintiff's Released Parties by any past, present, or future employees of Defendants or their

4

related or predecessor entities. Notwithstanding anything herein to the contrary, nothing in this Agreement shall affect in any way Plaintiff's rights to unemployment benefits.

5. <u>No Admission of Liability</u>: The Parties acknowledge that this Agreement and settlement of Claims and the payments made herein were executed in connection with the settlement of Lawsuit and doubtful claims. It is understood and agreed that this Agreement is not, and is not to be construed as, an admission of any liability or fault by any Party.

6. <u>No Prevailing Party</u>: The Parties hereto agree and acknowledge that this Agreement shall not be interpreted to render any Party to be a prevailing party for any purpose, including, but not limited to, an award of attorney's fees under any law. The Parties hereto further agree that the Parties are solely responsible for their respective costs and fees, including attorney's fees, incurred as a result of the Lawsuit, other than as agreed to in this Agreement.

7. <u>Confidentiality</u>:

    (a) <u>Terms and Negotiations to be Kept Confidential</u>. Plaintiff understands and agrees that all settlement negotiations related to the Lawsuit, the fact that Plaintiff settled the Lawsuit, any offers of settlement made by Defendants, including the dollar amounts of same, and the terms of this Agreement are and shall remain confidential, meaning that Plaintiff and Plaintiff's spouse, if any, will not discuss or disclose such matters to anyone, except as permitted below, and that this is a material provision of this Agreement for Plaintiff. <u>It will not be a breach of this Agreement for Plaintiff to reveal the existence or terms of this Agreement if required to do so by law</u>, nor will it be a breach of this Agreement for Plaintiff to reveal the Agreement's existence or terms to Plaintiff's spouse (if any), attorneys, or accountant  If asked about the Lawsuit or the claims therein, Plaintiff will state only, "The matter has been resolved." No further comment or discussion is allowed pursuant to this Agreement. In addition, Plaintiff, Plaintiff's spouse (if any), accountants, and attorneys agree to not refer directly or indirectly to the Lawsuit, Settlement Amount, Agreement, any offers by Defendants to settle the Lawsuit and/or any parties to the Lawsuit or this Agreement, their insurers or attorneys, on or in any web sites, documents, publications or other communications of any type whatsoever, unless required by law.

    (b) <u>Testimony in Other Proceedings</u>. If Plaintiff is asked to testify, subpoenaed, or otherwise compelled to testify in connection with any matter against any of the Plaintiff's Released Parties, Plaintiff shall notify Defendants so that Defendants may move to quash the subpoena and/or take any other action, if any, Defendants deem appropriate to preserve the confidentiality terms of this Agreement. Should Plaintiff nevertheless be compelled to testify pursuant to subpoena or other legal process, Plaintiff shall cooperate with Defendants and their attorneys. If compelled to testify, Plaintiff shall provide at all times truthful testimony and nothing in this Agreement should be construed otherwise.

    (c) <u>Tax Reporting and Government Investigation</u>. Nothing in this Agreement is intended to or shall be construed to impede the right or duty of the Parties to file taxes honestly, to report income honestly, to testify truthfully, or to cooperate with any governmental investigation.

*LS* *[initials]*

5

(d) <u>Preexisting Agreements With Defendants</u>. Plaintiff agrees to abide by any confidentiality agreements or any other agreements that Plaintiff may have signed while Plaintiff was employed by Defendants or one of its related entities that pertain to non-disclosure of confidential and/or proprietary information of Defendants or one of its related entities.

(e) <u>Notices</u>. Plaintiff agrees that Plaintiff will notify Defendants in writing as soon as reasonably practical or, at the latest, within five (5) calendar days of the receipt of any subpoena, court order, administrative order or other legal process requiring disclosure of information subject to this Paragraph 7 (including subparagraphs) of this Agreement. Any notice and any other notices required under this Agreement shall be served upon Defendants via email, facsimile, and U.S. Mail as follows:

> James W. Waldman, General Counsel
> 1900 W. Commercial Blvd.
> Suite 180
> Ft. Lauderdale, FL 33309
> Email: jwaldman@keiseruniversity.edu
> Facsimile: (954) 229-1635

8. <u>No Right to Future Employment</u>: Plaintiff agrees that Plaintiff declines employment and shall not, at any time in the future, seek or accept employment or re-employment with Defendants or any of Plaintiff's Released Parties, whether as an employee or independent contractor, and that any application made by Plaintiff may be rejected without liability to Defendants or Plaintiff's Released Parties. Further, Plaintiff acknowledges that if Plaintiff is hired by Keiser University or one of Plaintiff's Released Parties who does not have actual knowledge of this Agreement, then in accordance with the intent of this Agreement, Plaintiff's employment may be later terminated without liability for the hiring or termination decision.

9. <u>No Medicare Benefits</u>: Plaintiff acknowledges and represents that Plaintiff has not received any Medicare benefits in connection with the Lawsuit.

10. <u>Plaintiff's Competency</u>: At the time of considering and executing this Agreement and at the time of signing this Agreement, Plaintiff agrees Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff acknowledges that Plaintiff is competent to execute this Agreement and that Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair Plaintiff's right or ability to waive all claims Plaintiff may have against Plaintiff's Released Parties. Plaintiff affirmatively Plaintiff understands all of the terms of this Agreement and that Plaintiff voluntarily agrees to them.

11. <u>Duty to Support and Defend the Settlement Agreement</u>: Plaintiff and Defendants agree to abide by all the terms of this Agreement in good faith and to support it fully, and shall use their best efforts to defend this Agreement from any legal challenge, whether by appeal or collateral attack, or any other litigation filing which may reduce any of the consideration that any Party would receive as a result of this Agreement (monetary or otherwise).

6

12. **Integration:** This Confidential Settlement Agreement and General Release contains the entire agreement between the Parties and the terms of this Agreement are contractual and not a mere recital. All oral discussions and prior agreements are merged herein, other than any confidentiality agreements or any other agreements that Plaintiff may have signed while Plaintiff was employed by Defendants or one of its related entities that pertain to non-disclosure of confidential and/or proprietary information of Defendants or one of its related entities, which remain in full force and effect (including after the execution of this Agreement), and this Agreement does not alter the promises and covenants contained therein.

13. **Execution:** For the convenience of the Parties, this Agreement may be executed in counterparts each of which shall be deemed an original but all of which taken together shall be deemed one instrument. Execution may be by email or facsimile.

14. **Advice of Attorney/Opportunity to Review:** Each Party represents and warrants that in executing this Agreement, such Party has relied upon legal advice from its own attorneys, if any; that the terms of this Agreement have been read and its consequences have been completely explained to that Party by its respective attorneys, if any; and that each such Party fully understands the terms of this Agreement. Each Party further represents and warrants that in executing this Agreement it has not relied on any inducement, promise or representation by any other Party, or any person representing or acting on behalf of any such Party, not otherwise contained herein. Each Party represents and warrants that its execution of this Agreement is free and voluntary. The Parties understand and agree that, if the law or facts with respect to which this Agreement is executed are found hereafter to be other than, or different from, the law and facts now believed by the Parties to be true, the Parties expressly accept and assume the risk of such possible differences in law or facts and agree that the Agreement shall be and remain effective notwithstanding any such difference.

15. **Binding Agreement:** This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective heirs, legatees, personal representatives and other legal representatives, parents, subsidiaries, affiliates, predecessors, successors and assigns. No provision of this Agreement may be amended or waived, except by a statement in writing signed by the Party against which enforcement of the amendment or waiver is sought.

16. **Severability:** Should any provision of this Agreement be invalid or unenforceable for any reason, the remaining provisions hereof shall remain in full force and effect.

17. **Breach or Violation of Agreement:** It is further understood and agreed that if, at any time, a material violation of any term of the Agreement is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this Agreement. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

18. **Construction:** This Agreement has been jointly negotiated. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the Agreement.

19. **Headings**: The Paragraph headings in this Agreement are for convenience of reference and shall not expand, modify, limit, or define the text of this Agreement.

20. **Governing Law**: The Parties hereto agree that the law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida. Each of the undersigned parties hereby consents to the personal jurisdiction of the United States District Court for the Southern District of Florida, for purposes of any action to enforce, or for breach of, this Agreement.

21. **Legal Proceedings**: If any action at law or in equity is brought to enforce or interpret the provisions of this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees and costs, in addition to any other relief to which it may be entitled.

22. PLAINTIFF ACKNOWLEDGES, AGREES, AND UNDERSTANDS THAT THIS RELEASE IS A FULL AND FINAL BAR TO ANY AND ALL CLAIMS OF ANY TYPE, KNOWN OR UNKNOWN, THAT PLAINTIFF HAD, HAS, OR MAY NOW HAVE AGAINST DEFENDANTS AND PLAINTIFF'S RELEASED PARTIES UP THROUGH THE DATE PLAINTIFF SIGNS THIS AGREEMENT. PLAINTIFF AGREES THAT THE PAYMENT AND MONIES PLAINTIFF IS RECEIVING UNDER THIS AGREEMENT FULLY COMPENSATE FOR ANY WAGES ALLEGEDLY DUE PLAINTIFF FROM DEFENDANTS, AS WELL AS FOR THE CLAIMS PLAINTIFF IS WAIVING IN THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES THAT PLAINTIFF HAS NO OTHER PAYMENTS OR MONIES DUE TO PLAINTIFF OF ANY KIND FROM DEFENDANTS OR ANY OF PLAINTIFF'S RELEASED PARTIES.

23. DEFENDANTS ACKNOWLEDGE, AGREE, AND UNDERSTAND THAT THIS RELEASE IS A FULL AND FINAL BAR TO ANY AND ALL CLAIMS OF ANY TYPE, KNOWN OR UNKNOWN, THAT DEFENDANTS HAD, HAS, OR MAY NOW HAVE AGAINST PLAINTIFF'S AND DEFENDANTS' RELEASED PARTIES UP THROUGH THE DATE DEFENDANTS SIGN THIS AGREEMENT. DEFENDANTS AGREE THAT THE PROMISES DEFENDANTS ARE RECEIVING UNDER THIS AGREEMENT FULLY COMPENSATE DEFENDANTS FOR THE CLAIMS DEFENDANTS ARE WAIVING IN THIS AGREEMENT. DEFENDANTS FURTHER ACKNOWLEDGE THAT DEFENDANTS HAVE NO OTHER PAYMENTS OR MONIES DUE TO DEFENDANTS OF ANY KIND FROM PLAINTIFF OR ANY OF DEFENDANTS' RELEASED PARTIES.

[THE REMAINDER OF THIS PAGE IS LEFT BLANK INTENTIONALLY. SIGNATURES BEGIN ON THE NEXT PAGE]




Plaintiff

Name: Louise Sealy
Date: 07-15-13

SWORN TO AND SUBSCRIBED BEFORE ME, this 5th day of July, 2013, appeared Louise Gold Sealy, who is personally known to me or who presented the following identification:
FL Driver License
S400-527-64-611-0                    [SEAL]

NOTARY PUBLIC
My Commission Expires: 11/1/2013

*Janelyn S. Holland*

JANELYS S. HOLLAND
Notary Public - State of Florida
My Comm. Expires Nov 1, 2013
Commission # DD 937229

Defendants

The Keiser School, Inc. formerly d/b/a Keiser University

By: _____
James W. Waldman, General Counsel
1900 W. Commercial Blvd.
Suite 180
Ft. Lauderdale, FL 33309

Date: 7/12/13

Everglades College, Inc. d/b/a Everglades University

By: _____
James W. Waldman, General Counsel
1900 W. Commercial Blvd.
Suite 180
Ft. Lauderdale, FL 33309

Date: 7/12/13

9

Opt-In Plaintiff

Name: _____
Date: _____

SWORN TO AND SUBSCRIBED BEFORE ME, this ___ day of _____, 2013, appeared _____, who is personally known to me or who presented the following identification:

_____

_____        [SEAL]

NOTARY PUBLIC

My Commission Expires: _____

## EXHIBIT A TO CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, on or about June 24, 2011, Louise Sealy filed a lawsuit in the United States District Court for the Southern District of Florida, Case No. 0:11-cv-61426-WPD, which she amended twice, styled *Louise Sealy, individually and on behalf of other similarly situated individuals, v. The Keiser School, Inc. d/b/a Keiser University and Everglades College, Inc. d/b/a Keiser University*, in which she alleged she and others similarly situated were owed payment for overtime compensation (the "Lawsuit");

WHEREAS, the Lawsuit was conditionally certified as a collective action, 112 opt-in plaintiffs were compelled to arbitration, and 24 opt-in plaintiffs as well as Sealy remain as plaintiffs in the Lawsuit;

WHEREAS, each of the 24 opt-in plaintiffs who were not compelled to arbitration, by signing a Consent to Become a Party Plaintiff, authorized Sealy's attorneys (with the aid of Sealy in attendance) to be their representatives in the mediation and/or settlement of the Lawsuit and their claims under the FLSA against Defendants, with full authority to settle or resolve those claims; and

THEREFORE, the 25 plaintiffs including Sealy who remain in the Lawsuit and enter into this Agreement are collectively referred to in this Agreement as "Plaintiff" and include the following individuals (listed last name, first name):

1. Adamo, Jennifer
2. Allen, Mark S.
3. Armstrong, John M.
4. Arscott, Kenneth J.
5. Bregman, Molly M.
6. Brown, Jessica R.
7. Browne-Gaines, Vernareen
8. Farnell, Kincie
9. Fratta-Dormond, Aldo
10. Hayward, Carlos A.
11. Henry, Sinda
12. Lassiter, Yorell
13. Lindsey, Heather
14. Lucca, Christian
15. McCray, Harriet
16. Merola, Peter
17. Morocho, Rose L.
18. O'Neal, Erika M.
19. Preston, Sean
20. Sealy, Louise
21. Segarra, Rosa

1

22. Simpson, Brett
23. Stewart, Robin Lynn
24. Tucker, Mary
25. Turner, Paula

**Payment:** Defendants agree to pay to Plaintiff the total gross sum of Fifty-Nine Thousand Four Hundred Fifty-Six and 76/100 Dollars ($59,456.76) (the "Settlement Amount"). The Settlement Amount shall be allocated and paid as follows:

(a) Wage Income to Plaintiff. Each individual plaintiff listed on the Plaintiffs' Settlement Allocation Calculation Chart attached hereto will receive the respective amount listed under Adj. Compensation as payment for any wages[1] allegedly owed to Plaintiff, by check made payable to the individual plaintiff's name with applicable taxes and other withholdings withheld. Defendants will furnish IRS Form(s) W-2 to Plaintiff, as appropriate, including this payment, at the appropriate time; and

(b) Attorney's Fees and Costs. Thirty Thousand Nine Hundred Sixty-Five and 09/100 Dollars ($30,965.09) for attorney's fees ($28,211.24) and costs ($2,753.85), by check made payable to "Lubell & Rosen, LLC", Tax ID No. 65-1014713. Defendants will issue IRS Forms 1099 to Lubell & Rosen, LLC and each individual plaintiff for this payment, at the appropriate time.

---

[1] The Parties have not allocated any of the income to Plaintiff as non-wage income for liquidated damages, because Defendants raised the affirmative defense of good faith, which was supported by evidence that Defendants consulted with outside counsel regarding whether to use the fluctuating workweek method of calculating overtime under the FLSA and how to properly implement the method, and followed the legal advice. Thus, the Court had grounds to and could have denied liquidated damages.

INITIALS:



_LS_ Named Plaintiff Louise Sealy

____ for Defendant The Keiser School, Inc. formerly d/b/a Keiser University

____ for Defendant Everglades College, Inc. d/b/a Keiser University

____ Opt-In Plaintiff (Printed Name: _____)

2



Plaintiffs' Settlement Allocation Calculation – Case *0:11-cv-61426-WPD*

| | Name | OT Hrs - 2 Year SOL | OT Hrs - 3 Year SOL | OT Hrs - 3rd Year Only | Average Rate | Multiplier | Compensation | Adj. Compensation |
|---|---|---|---|---|---|---|---|---|
| 1 | Adamo, Jennifer | 0.00 | 0.00 | 0.00 | n/a | n/a | $0.00 | $100.00 |
| 2 | Allen, Mark | 0.00 | 11.75 | 11.75 | $16.83 | 3.92 | $65.92 | $100.00 |
| 3 | Armstrong, John | 24.40 | 38.40 | 14.00 | $16.83 | 29.07 | $489.19 | $489.19 |
| 4 | Arscott, Kenneth | 249.20 | 369.70 | 120.50 | $16.83 | 289.37 | $4,870.04 | $4,870.04 |
| 5 | Bregman, Molly | 0.00 | 71.00 | 71.00 | $23.15 | 23.67 | $547.88 | $547.88 |
| 6 | Brown, Jessica | 67.47 | 157.47 | 90.00 | $20.02 | 97.47 | $1,951.35 | $1,951.35 |
| 7 | Browne-Gaines, Vernareen | 12.50 | 59.50 | 47.00 | $21.39 | 28.17 | $602.49 | $602.49 |
| 8 | Farnell, Kincie | 0.00 | 0.00 | 0.00 | n/a | n/a | $0.00 | $100.00 |
| 9 | Fratta-Dormond, Aldo | 0.00 | 6.25 | 6.25 | $16.83 | 2.08 | $35.06 | $100.00 |
| 10 | Hayward, Carlos | 0.00 | 27.50 | 27.50 | $16.83 | 9.17 | $154.28 | $154.28 |
| 11 | Henry, Sunda | 512.57 | 739.82 | 227.25 | $18.99 | 588.32 | $11,172.20 | $11,172.20 |
| 12 | Lassiter, Yorell | 0.00 | 4.25 | 4.25 | $20.43 | 1.42 | $28.94 | $100.00 |
| 13 | Lindsey, Heather | 0.00 | 108.50 | 108.50 | $18.03 | 36.17 | $652.09 | $652.09 |
| 14 | Lucca, Christian | 0.00 | 5.25 | 5.25 | $21.64 | 1.75 | $37.87 | $100.00 |
| 15 | McCray, Harriet | 0.00 | 305.75 | 305.75 | $17.50 | 101.92 | $1,783.54 | $1,783.54 |
| 16 | Merola, Peter | 0.00 | 19.00 | 19.00 | $18.27 | 6.33 | $115.71 | $115.71 |
| 17 | Morocho, Rose | 0.00 | 0.00 | 0.00 | n/a | n/a | $0.00 | $100.00 |
| 18 | O'Neal, Erika | 0.00 | 0.50 | 0.50 | $16.63 | 0.17 | $2.77 | $100.00 |
| 19 | Preston, Sean | 0.00 | 0.00 | 0.00 | n/a | n/a | $0.00 | $100.00 |
| 20 | Sealy, Louise | 155.35 | 314.85 | 159.50 | $22.65 | 208.52 | $4,722.90 | $4,722.90 |
| 21 | Segarra, Rosa | 0.00 | 19.25 | 19.25 | $16.83 | 6.42 | $107.99 | $107.99 |
| 22 | Simpson, Brett | 0.00 | 0.00 | 0.00 | n/a | n/a | $0.00 | $100.00 |
| 23 | Stewart, Robin | 0.00 | 0.00 | 0.00 | n/a | n/a | $0.00 | $100.00 |
| 24 | Tucker, Mary | 0.00 | 0.00 | 0.00 | n/a | n/a | $0.00 | $100.00 |
| 25 | Turner, Paula | 0.00 | 21.75 | 21.75 | $16.83 | 7.25 | $122.02 | $122.02 |
| | TOTAL | | | | | | $27,462.24 | $28,491.67 |



The Multiplier represents full compensation for OT Hours worked during the 2 yr. SOL and a third of the OT Hours worked during the 3rd year (accounting for lower likelihood of success on that year). If the total compensation of an employee does not reach $100.00, it was adjusted to $100.00, as an inducement and in consideration of executing the release

Page 2 of 2



57